IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-11,116-09






EX PARTE JAMES ESTES BAKER III, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NUMBER 526054-B IN THE 209TH DISTRICT COURT

FROM HARRIS COUNTY






 Per curiam.


O R D E R




 This is a post-conviction application for a writ of habeas corpus forwarded to this
Court pursuant to Tex. Code Crim. Proc. art. 11.07, § 3, et seq. Applicant was convicted
of the felony offense of kidnapping, and punishment was assessed at fourteen years'
confinement. No direct appeal was taken.

 Applicant initially filed this application pro se. This Court remanded the application
to the trial court on October 28, 2009. While the application was on remand and without the
knowledge of this Court, the trial court appointed counsel to represent Applicant on this
application. The trial court then inadvertently signed the State's proposed findings of fact
and conclusions of law without allowing newly appointed counsel time to investigate or
respond to this Court's remand order.

 The trial court forwarded the findings of fact recommending the denial of relief to this
Court on March 1, 2010. On March 24, 2010, this Court denied the application based on the
trial court's findings. Applicant's appointed habeas counsel has filed a motion requesting
that this Court reconsider, sua sponte, our prior ruling denying relief. The trial court admits
that the signing of the findings was in error and requests that this Court remand this
application for further consideration. 

 After reconsideration, sua sponte, we withdraw our previous denial of relief. The
findings of fact signed by the trial court on January 25, 2010 were signed without allowing
appointed counsel sufficient time to respond to the issues designated for resolution by this
Court's prior remand order.

 This application is remanded to the trial court for any further proceedings it deems
appropriate. This application will be held in abeyance until the trial court has resolved the
fact issues. The issues shall be resolved within 90 days of this order. If any continuances
are granted, a copy of the order granting the continuance shall be sent to this Court. A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 


DO NOT PUBLISH

DELIVERED: May 19, 2010